NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH DENNIS,<br><br>  Plaintiff,<br><br>v.<br><br>MERS/MERSCORP MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>  Defendants. | Civil Action No.: 11-4821 (JLL)<br><br>**OPINION** |

*Pro se* Plaintiff Deborah Dennis commenced the instant action on or about June 30, 2011 in Superior Court of New Jersey, Bergen County. By petition filed August 19, 2011, the matter was removed to this Court. Although Plaintiff's allegations are somewhat muddled, it appears she seeks to "quiet title" to her property and argues that, as a result of defective assignments of her mortgage, all claims to the property are void. However, as Plaintiff has already received a final judgment in a foreclosure action, Plaintiff's claims are barred by the Entire Controversy Doctrine and the Doctrine of *Res Judicata*. Accordingly, Defendants' motions to dismiss are granted.

**I.    BACKGROUND**

Plaintiff entered into a mortgage loan for a property located at 130 Glenbrook Parkway, Apartment 8C, Englewood, New Jersey (the "Property"). Plaintiff executed a mortgage (the "Mortgage") in favor of Defendant Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Defendant MortgageIt, Inc. ("MortgageIt"). The Mortgage was recorded on July 5,

2005 by the Clerk of Bergen County at Mortgage Book 16099, Page 46.

Pursuant to an Assignment dated April 1, 2008, MERS assigned the Mortgage to U.S. Bank National Association ("U.S. Bank"), as Trustee for BAFC 2006-7.  The Assignment was amended by "Corrective Assignment" dated April 17, 2009.

On or about December 1, 2007, Plaintiff defaulted on her loan obligations and on March 10, 2008, Defendant U.S. Bank commenced a foreclosure action in the Superior Court of New Jersey, Bergen County (the "Foreclosure Action").  Plaintiff failed to respond to the Foreclosure Complaint and the Court entered default against her on June 6, 2008.  Plaintiff never responded to the Foreclosure Complaint and the Court entered a Final Foreclosure Judgment on January 5, 2009, by default.

Plaintiff then filed Chapter 13 in the United States Bankruptcy Court for the District of New Jersey, which listed Defendants "U.S. Bank National Assoc. as Trustee for BACF" as a creditor of her bankruptcy estate.  Plaintiff confirmed as Chapter 13 Plan, but failed to consummate same by failing to make certain payments due to U.S. Bank or its servicing agent.  As a result of her failure to pay, the Bankruptcy Court entered an Order Vacating the Automatic Stay as to Plaintiff's property.

II.     LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. See In re Burlington

Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]."  Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).

### III.     ANALYSIS

Defendants allege that Plaintiff's claims are barred by the Entire Controversy Doctrine and the Doctrine of *Res Judicata.*  This Court agrees.  New Jersey's Entire Controversy Doctrine bars a party from raising any claim that has been withheld from prior litigation.  See Riemer v. St. Clare's Riverside Medical Center, 300 N.J. Super. 101, 108 (App. Div. 1997).  The Doctrine is codified in R. 4:30A, which provides that failure to raise a claim "shall result in the preclusion of omitted claims" in future proceedings.  The Third Circuit has elaborated on this rule by stating that "[p]ursuant to the Entire Controversy Doctrine . . . a plaintiff is precluded from litigating in a subsequent proceeding both claims that it actually litigated and claims that it could have litigated in an earlier proceeding." Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927 (3d Cir. 1991).  Indeed, the Entire Controversy Doctrine requires litigants to raise all affirmative claims in a single proceeding. See Cogdell v. Hospital Center at Orange, 116 N.J. 7, 24

However,  in a mortgage foreclosure action, the Doctrine only applies to relevant claims or counterclaims.  Whether an issue is germane to the action should be construed liberally. Leisure Technology-Northeast, Inc. v. Klingbeil, 137 N.J. Super. 353, 358 (App. Div. 1975).  For example, the court in Joan Ryno, Inc. v. First Nat. Bank of South Jersey, 208 N.J. Super. 562,

570 (App. Div. 1987) held that "germane" in the foreclosure context means only that "the counterclaim must be for a claim arising out of the mortgage foreclosed."

In this case, Plaintiff's allegations are certainly germane as they pertain to Defendants' ability to foreclose on the property. Such claims could and should have been made in the underlying proceeding. However, as Plaintiff never appeared in the Foreclosure Action, she never raised these allegations. Her failure to previously assert the germane claims bars her from raising them now. Accordingly, Plaintiff's complaint must be dismissed.

Similarly, Plaintiff's claims are barred by the Doctrine of *Res Judicata*. *Res Judicata* will bar a future proceeding where: 1) the judgment in the first action is valid, final, and on the merits; 2) the parties in both actions are the same or are in privity with each other; and 3) the claims in the second action arise from the same transaction or occurrence as the claims in the first action. Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412 (1991). Further, in New Jersey, "a default judgment is a valid and final adjudication on the merits and therefore has *res judicata* effect barring future litigation." Tagayun v. Citibank, N.A., 2006 WL 5100512 *4 (D.N.J. June 9, 2006) (citing Evangelical Baptist Church v. Chambers, 96 N.J. Super. 367, 370-71 (Ch. Div. 1967)).

In this case, the Final Foreclosure Judgment is a valid, final judgment on the merits. The Defendants in this action were involved in the prior foreclosure action, either as a party to such action or in privity with a party. Lastly, all of Plaintiff's claims arise out of the same transaction or occurrence as the claims in the Foreclosure Action. As such, Plaintiff's claims are barred by the Doctrine of *Res Judicata.*

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted and Plaintiff's Complaint is dismissed in its entirety with prejudice.

DATED: October 13, 2011

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE
